Russell ROBINSON, Petitioner-Appellee,

v.

Stephen T. SMITH, Warden, Kentucky
State Reformatory,
Respondent-Appellant.

No. 80–3060.

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1980.

Decided July 2, 1980.

K. Gail Leeco, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant.

Frank W. Heft, Jr., Jefferson Dist. Public Defender, Louisville, Ky., for petitioner-appellee.

Russell Robinson, pro se.

Before EDWARDS, Chief Circuit Judge, BROWN, Circuit Judge, and CECIL, Senior Circuit Judge.

BAILEY BROWN, Circuit Judge.

Petitioner below, Robinson, who was convicted of armed robbery in a Kentucky court and whose conviction was affirmed on direct appeal, brought a habeas corpus action in federal court. The contention was that a showup prior to trial was so suggestive and unreliable that its introduction at trial as well as an in-court identification denied him due process of law.

Two black males robbed a liquor store in March, 1977, and the owner of the store, Kuffner, an ex-policeman, was able to observe the robbers for about five minutes. He called the police and gave a description of the men and their automobile as well as, he thought, the last three digits of the license number. While officers were at the store investigating, other officers arrested two black males in a car, the men and the car seeming to fit the description. These two men were then, in handcuffs, brought to the liquor store where, about two hours after the robbery, Kuffner positively identified both of the men as being the robbers.

At trial, the other person identified by Kuffner as a robber, Frazier, pleaded guilty, received a six-year sentence, and testified against Robinson, though his testimony undercut some of the testimony of Kuffner as to his description of Robinson at the time of the robbery.

The district court, after reviewing the transcript in state court, ruled that Robinson had indeed been denied due process and granted relief. The respondent below then brought this appeal.

As pointed out by the district judge, the one-on-one showup was in no way due to the exigencies of the situation, and no excuse is advanced for not arranging for a lineup. The district judge then concluded, as indicated, that there had been a denial of due process, basing his conclusion on *Webb v. Havener*, 549 F.2d 1081 (6th Cir. 1977).

At the time *Webb* was decided, it was not altogether clear whether a one-on-one showup not required by the circumstances, as occurred here *per se* required a suppression of the identification evidence. The *Webb* court majority thought that *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), had not clearly resolved this issue. However, in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Court decided that even there ". . . reliability is the linchpin in determining the admissibility of the identification testimony . . ." *Id.* at 114, 97 S.Ct. at 2253. The Court refused to adopt a *per se* rule and held that the totality of the circumstances must be considered in determining the reliability and therefore the admissibility of the identification. These include the opportunity to view, degree of attention, accuracy of description, level of certainty and time between crime and confrontation.

Since it is far from clear that the district court applied the *Manson* approach and since the district court did not hold an evidentiary hearing to determine whether, considering the totality of the circumstances, there existed a very substantial likelihood of irreparable misidentification, the case will be remanded for such a hearing and determination.

The judgment of the district court is therefore vacated and the cause remanded to the district court for proceedings consistent with this opinion.